UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY a/s/o RICKY CHARETTE,<br>    *Plaintiff*,<br><br>v.<br><br>DURST CORPORATION, INC.,<br>    *Defendant*. | 3:24-CV-0290 (SVN)<br><br><br><br><br><br>January 2, 2025 |

## **RULING AND ORDER ON MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

Plaintiff Kemper Independence Insurance Company, as subrogee of Ricky Charette, has brought this product liability action against Durst Corporation, Inc., under the Connecticut Product Liability Act ("CPLA"), Conn Gen. Stat. § 52-572m, *et seq.* Plaintiff claims a water supply line manufactured by Defendant failed, causing flooding in Charette's home, for which Plaintiff reimbursed Charette. Plaintiff's amended complaint asserts five claims: (1) strict liability for manufacturing and/or design defect; (2) strict liability for failure to warn or instruct; (3) negligence; (4) negligent failure to warn; and (5) breach of warranty. Among other requested remedies, Plaintiff seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

Defendant now moves to dismiss Plaintiff's breach of warranty and attorney's fees claims for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion, contending that it can provide the necessary factual detail to state a breach of warranty claim if granted leave to amend and that a claim for attorney's fees cannot be dismissed before Defendant answers the complaint, and thus the motion to dismiss should be denied.

For the reasons set forth below, Defendant's motion to dismiss is GRANTED as to Plaintiff's breach of warranty claims and DENIED as to Plaintiff's request for attorney's fees.

I.      **FACTUAL & PROCEDURAL BACKGROUND**

The Court accepts the following allegations in Plaintiff's amended complaint as true for purposes of deciding Defendant's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff asserts that defects in a water supply line "designed, engineered, manufactured, sold, distributed, marketed, packaged, labeled, constructed, tested, inspected, [and] warrantied" by Defendant caused the supply line ("Subject Supply Line") to "catastrophically fail[]" and damage Mr. Charette's property. Am. Compl., ECF No. 20 ¶¶ 1–5, 7, 17. Plaintiff insured Charette and provided payments to him related the damage caused by the failed water line; as such, "Plaintiff is subrogated to the rights of its insured against Defendant." *Id.* ¶ 6.

Plaintiff initiated this lawsuit raising the five products liability claims described above and seeking attorney's fees, among other requests for relief. *See* Compl., ECF No. 1. Defendant moved to dismiss Plaintiff's claims asserting strict liability for failure to warn, negligent failure to warn, and breach of warranty, and Plaintiff's request for attorney's fees. Def.'s Br., ECF No. 15 at 5. In lieu of filing a response, Plaintiff filed an amended complaint, which is now the operative complaint in this action. *See* Am. Compl. Subsequently, Defendant withdrew its motion to dismiss as to the failure to warn counts. Def.'s Not. Re. Mot. to Dismiss, ECF No. 24 at 1. Its motion remains live as to the breach of warranty claim and Plaintiff's request for attorney's fees. *Id.* at 1–2.

As it relates to Plaintiff's breach of warranty claim, Plaintiff asserts that "Defendant designed, manufactured, distributed, marketed, sold, and/or otherwise placed into the stream of commerce the Subject Supply Line in a defective condition"; that "Defendant knew, should have known, or with reasonable diligence would have known that the Subject Supply Line was not

merchantable, fit for ordinary use, and/or fit for the particular purpose for which the Subject Supply Line was intended"; and that "Defendant impliedly and expressly warranted that the Subject Supply Line was safe, functional, . . . not defective," "merchantable, fit for ordinary use, and/for fit for the particular purpose for which [it] was intended," and that it "can be used with and to transport water." Am. Compl. ¶¶ 121–125.  Further, Plaintiff asserts that Charette reasonably relied on Defendant's express and implied warranties when purchasing the Subject Supply Line, including Defendant's warranty that the water line could be used to transport water to a faucet, which Plaintiff asserts failed to hold true. *Id.* ¶¶ 126–128.

Among other requests for relief, Plaintiff requests attorney's fees in conjunction with each of his five claims in its amended complaint. *See, e.g.*, *id.* at 22.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted.  When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*  In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and

determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "'bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions,'" *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)), and "'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.    DISCUSSION

The CPLA is the "'exclusive remedy for all product liability claims in Connecticut.'" *DiBlasi v. Smith & Nephew, Inc.*, No. 3:20-cv-566 (MPS), 2021 WL 619509, at *2 (D. Conn. Feb. 17, 2021) (quoting *Greco v. Broan-NuTone LLC*, No. 3:17-cv-953 (SRU), 2020 WL 1044002, at *9 (D. Conn. Mar. 4, 2020)). Under the CPLA, a plaintiff may assert multiple theories of liability, including breach of warranty. *See id.* at *2. Any such claim must assert all elements as required at common law. *Id.* (citing *Philadelphia Indem. Ins. Co. v. Lennox Indus., Inc.*, No. 3:18-cv-217 (CSH), 2020 WL 705263, at *3 (D. Conn. Feb. 12, 2020) ("*Lennox 2020*")).

A. <u>Breach of Warranty</u>

The Court grants Defendant's motion to dismiss Plaintiff's breach of warranty claims.

Plaintiff's amended complaint appears to assert three breach of warranty claims in Count Five: (1) breach of express warranty; (2) breach of implied warranty of merchantability; and (3)

breach of implied warranty of fitness for a particular purpose. Am. Compl. ¶¶ 120–34. In its briefing opposing the motion to dismiss, however, Plaintiff addresses only the implied warranty of merchantability—despite that Defendant moved to dismiss all three types of breach of warranty claims. *See* Def.'s Br. at 10–13; Pl.'s Br., at 5–6. The Court agrees with Defendant that Plaintiff's failure to oppose dismissal of the breach of express warranty and breach of implied warranty of fitness for a particular purpose theories renders them abandoned. *See Maroney v. Woodstream Corp.*, 695 F. Supp. 3d 448, 468 (S.D.N.Y. 2023) (collecting cases standing for the proposition that a failure to respond to arguments in a motion to dismiss concerning particular claims constitutes an abandonment of those claims); *Laface v. Eastern Suffolk BOCES*, No. 2:18-cv-01314 (ADS) (AKT), 2019 WL 1959489, at *8 (E.D.N.Y. May 2, 2019) (same). The Court therefore addresses only Plaintiff's implied warranty of merchantability theory, and finds that it is not plausibly pleaded, but that leave to amend with respect to this theory only is appropriate.

All claims for breach of warranty must assert: (1) existence of the warranty; (2) breach of the warranty; and (3) damages proximately caused by the breach. *See McConologue v. Smith & Nephew*, 8 F. Supp. 3d 93, 114 (D. Conn. 2014) (citing *Motley v. Jaguar Land Rover N. Am., LLC*, X03-cv-084057552S, 2012 WL 5860477 (Conn. Super. Ct. Nov. 1, 2012)).

The CPLA recognizes a claim for breach of the implied warranty of merchantability, governed by the Connecticut Uniform Commercial Code, Conn. Gen. Stat. § 42a-2-314. *Walters v. Howmedica Osteonics Corp.*, 676 F. Supp. 2d 44, 55 (D. Conn. 2009). That provision implies into most sales contracts a warranty that a product is "merchantable," Conn. Gen. Stat. § 42a-2-314(1), and a product is not merchantable when it is "not fit for the ordinary purposes for which" such product is used, and "will not pass in the trade without objections." *Leonard v. General Motors L.L.C.*, 504 F. Supp. 3d 73, 99 (D. Conn. 2020) (quoting *Lennox 2020*, 2020 WL 705263,

at *8, and citing Conn. Gen. Stat. § 42a-2-314(2)). "To state claim for breach of the implied warranty of merchantability, a party must allege that: '(1) a merchant sold the goods; (2) the goods were defective and not merchantable at the time of sale; (3) injury occurred to the buyer or his property; (4) the injury was caused by the merchant's defective product; and (5) notice was given to the seller of the claimed breach.'" *Leonard*, 504 F. Supp. 3d at 99 (quoting *Lennox 2020*, 2020 WL 705263, at *8); *accord DiBlasi*, 2021 WL 619509, at *4 (quoting *Ferry v. Mead Johnson & Co.*, No. 3:20-cv-99 (SRU), 2021 WL 243119, at *17 (D. Conn. Jan. 25, 2021)).

Plaintiff fails to state a plausible claim for breach of the implied warranty of merchantability. Although Plaintiff alleges that the water supply line was not of merchantable quality, Am. Compl. ¶¶ 125–28, it does not allege that it or anyone else ever notified Defendant of the alleged defect. For that reason, Plaintiff's claim for breach of implied warranty of merchantability must be dismissed, and Defendant's motion to dismiss is thus granted in that regard. *Leonard*, 504 F. Supp. 3d at 99 (dismissing claim for breach of the implied warranty of merchantability where the plaintiff did not allege that he notified the defendant of the alleged defect); *Gallinari v. Kloth*, 148 F. Supp. 3d 202, 215 (D. Conn. 2015) (same), *abrogated on other grounds by Corley v. United States*, 11 F.4th 79, 84 (2d Cir. 2021); *DiBlasi*, 2021 WL 619509, at *4 (same).

Plaintiff appears to acknowledge as much in its opposition to Defendant's motion to dismiss, as it argues primarily that leave to amend should be granted because it can demonstrate that Defendant was provided notice of the defect. *See* Pl.'s Br. at 5-6. As leave to amend should be granted "freely …when justice so requires," Fed. R. Civ. P. 15(a)(2), and Plaintiff has not yet

6

had the opportunity to amend its complaint with the benefit of this Court's ruling, the Court grants Plaintiff leave to amend its breach of implied warranty of merchantability claim only.[1]

B. Attorney's Fees

The Court denies Defendant's motion to dismiss Plaintiff's request for attorney's fees.

Among other remedies, the CPLA permits a court to award "reasonable attorney's fees to the prevailing party in a products liability action" where it determines that a claim or defense is frivolous. Conn. Gen. Stat. § 52-240a. Under the CPLA, "[t]he proper way to request a claim for attorney's fees is by motion for award of attorneys fees, following the parties' presentation of evidence, based on a claim that the party's cause of action or a defense was frivolous." *Walden v. Serv. Merch. Co., Inc.*, No. CV 70248S, 2000 WL 1474561, at *2 (Conn. Super. Ct. Sept. 21, 2000) (quoting *McCurry v. Home Depot, Inc.*, No. 120316, 1994 WL 504102, at *3 (Conn. Super. Ct. Sept. 7, 1994)). Generally, such a determination requires an evidentiary hearing to assess whether a defense or claim is frivolous. *See Wallerstein v. Stew Leonard's Dairy*, 258 Conn. 299, 306–07 (2001) ("In order to determine [whether the nature of the defendant's defenses to plaintiff's claims are frivolous], there mut be an evidentiary hearing.").

Although there appears to be no Connecticut case law directly on point, *Wallerstein* suggests that the allegations in a plaintiff's complaint can, in part, support a plaintiff's entitlement to attorney's fees under the CPLA. *Id.* at 306 ("The plaintiff's argument for an award of attorneys' fees relies upon the allegations set forth in his complaint, his motions for attorneys' fees and the accompanying memorandum."). It is true that Defendant has not answered the amended complaint

---

[1] In granting leave to amend, the Court has not considered the exhibits provided by Plaintiff as part of its opposition to Defendant's motion. In ruling on a motion to dismiss, the Court must consider only the operative complaint itself and documents that are incorporated by reference into it or are otherwise integral to the complaint, and matters of which the Court can take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773–75 (2d Cir. 1991). Plaintiff does not argue that its exhibits fall into any of these categories.

and, thus, what claims or defenses it may offer—and whether such defenses would be frivolous—is not before the Court at this time. But because a central purpose of a complaint is to place a defendant on notice of the plaintiff's claims and remedies it seeks, it appears appropriate for a plaintiff to include a request for attorney's fees under the CPLA in its complaint, even if only preemptively. The amended complaint references the CPLA's attorney's fees provision, defeating Defendant's argument that Plaintiff has failed to state a statutory or contractual basis for claiming an entitlement to attorney's fees. *See* Am. Compl. at 22. Therefore, the Court will not dismiss the portions of Plaintiff's amended complaint seeking attorney's fees. If either party ultimately seeks an award of attorney's fees, however, it must file a motion at the appropriate time. *See* Fed. R. Civ. P. 54(d)(2) (describing procedure for seeking attorney's fees by motion).

## IV.    CONCLUSION

For the reasons described herein, Defendant's motion to dismiss is GRANTED as to Plaintiff's breach of warranty claims, and DENIED as to Plaintiff's request for attorney's fees. Although Plaintiff has already amended its complaint once, it did so without the benefit of the Court's ruling on a motion to dismiss. Therefore, the Court grants Plaintiff leave to amend its breach of implied warranty of merchantability claim only; as Plaintiff has abandoned its express warranty and implied warranty of fitness for a particular purpose claims, leave to amend will not be granted as to those theories.

Any second amended complaint must be filed by **January 16, 2025**. If no second amended complaint is filed by that date, the case will proceed only as to the claims not challenged in Defendant's motion to dismiss (Counts One, Two, Three, and Four of the amended complaint). Defendant's answer or other response to the amended complaint (or the second amended complaint, if one is filed), shall be due **January 30, 2025**.

Either party may file a motion for attorney's fees at the appropriate time.

**SO ORDERED** at Hartford, Connecticut, this 2nd day of January, 2025.

                                           */s/ Sarala V. Nagala*
                                           SARALA V. NAGALA
                                           UNITED STATES DISTRICT JUDGE